**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

DUANE PORTER,

                Plaintiff,

v.                                          CIVIL ACTION NO.   3:19-0572

BRASKEM AMERICA, INC.,
JEFFREY BLATT, and
MI-DE-CON, INC.,

                Defendants.

**MEMORANDUM OPINON AND ORDER**

Pending before the Court is Plaintiff Duane Porter's "Motions to Reconsider under Rules 59 and 60 & for Leave to File an Amended Complaint under Rule 15." ECF No. 64. In the motion, Plaintiff asks this Court to reconsider its earlier decision dismissing Count III of his Complaint for Fraud and Fraudulent Inducement. Plaintiff also seeks leave to file a "Corrected Amended Complaint" to: (1) cure the defects found by the Court in Count III so that it complies with Rule 9(b) of the Federal Rules of Civil Procedure; (2) add Mark Anthony Skeese as a defendant; (3) rewrite Count I for Civil Conspiracy to be consistent with the redrafted Count III; (4) revise Count II for Intentional Interference to be limited solely against Defendant Mi-De-Con, Inc. (MDC); (5) restate Count IV for Defamation to be consistent with Counts I and III; (6) remove his Age Discrimination claim in Count V; and (7) add a claim for spoliation. For the following reasons, the Court **DENIES** the motion.

Although Plaintiff asks this Court to reconsider its prior ruling dismissing Count III under Rules 59 and 60 of the Federal Rules of Civil Procedure, he did not attach any memorandum of law in support of his motion, nor does he provide any discussion, legal analysis, or give any reason why the Court should reconsider its prior decision based on the allegations made in the original Complaint under either of these rules. Instead, it appears Plaintiff is requesting this Court reconsider its prior decision based upon his proposed "Corrected Amended Complaint," which Plaintiff seeks leave to file under Rule 15 of the Federal Rules of Civil Procedure. In the proposed Corrected Amended Complaint, Plaintiff removes his age discrimination claim, adds a spoliation claim, adds Mr. Skeese as a defendant, and generally rewrites the original Complaint in an attempt to cure the defects found by the Court in the Memorandum Opinion and Order it issued on April 22, 2020. *See Mem. Opinion and Order*, 2020 WL 1942310 (Apr. 22, 2020). As the Court's Memorandum Opinion and Order is based upon the claims and factual allegations contained in the original Complaint, the Court will not reconsider its decision to dismiss Count III in that Complaint. Whether Plaintiff may file his Corrected Amended Complaint and reassert a claim of fraud and fraudulent inducement based upon additional factual allegations is a different issue. Thus, the Court **DENIES** reconsideration under Rules 59 and 60 and addresses Plaintiff's motion to amend.

As to his proposed amendment, Plaintiff merely mentions he seeks to amend pursuant to Rule 15. Plaintiff provides no analysis of the Rule or any discussion about how it applies to his motion. In fact, before even considering Rule 15, Plaintiff's motion must first satisfy the "good cause" standard set forth in Rule 16(b)(4) of the Federal Rules of Civil Procedure

because it was filed over four months after the deadline for amended pleadings established in this Court's Scheduling Order.[1]

Pursuant to Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). On the other hand, Rule 15(a) provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a), in part. In applying these Rules, district courts have used a two-step analysis: "'(1) the moving party must satisfy the good cause standard of Rule 16(b), and (2) if the movant satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a).'" *Matheny v. L.E. Myers Co.*, No. 2:16-CV-09304, 2018 WL 1095584, at *2 (S.D. W. Va. Feb. 26, 2018) (quoting 3-16 Moore's Federal Practice—Civil § 16.13 (2015); other citation omitted). "Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." *Montgomery v. Anne Arundel Cty.*, 182 Fed. Appx. 156, 162 (4th Cir. 2006) (citation omitted). If a plaintiff demonstrates "good cause," the motion still may be denied under Rule 15(a) "where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citation omitted). Ultimately, the decision to grant leave to amend rests within this Court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In his Reply, Plaintiff contends that he maintained a personal diary on a company laptop assigned to him where he documented events, orders, criticisms, disagreements, differences

---

[1]Plaintiff filed his motion on May 20, 2020, and then filed a "Motion to Correct Erroneous Filing of Document 61, Motions to Reconsider" on May 22, 2020. The deadline for amended pleadings was January 24, 2020. *Sched. Order* (Oct. 25, 2019), ECF No. 24.

of opinions, personal issues, safety issues, and the like. At some point, Plaintiff requested through

discovery access to the laptop. Plaintiff states he learned for the first time on February 13, 2020

that Defendant Braskem America, Inc. (Defendant Braskem) did not have the data on the laptop.

Additionally, Plaintiff states that from February 6, 2020 through March 9, 2020, Defendant

Braskem produced a series of unorganized "document dumps" of 4,433 documents without a

privilege log. Plaintiff contends it was not until he and his counsel were able to review these

documents that he learned Mr. Skeese had deceived him and Mr. Skeese had requested and was

given access to the laptop before the data was destroyed. Based upon this revelation, Plaintiff

speculates that Mr. Skeese participated in erasing the data on the laptop. Therefore, in light of this

information and the other discovery produced, Plaintiff argues his amendment should be permitted

to add Mr. Skeese, add a spoliation claim, reassert his claim for fraud and fraudulent inducement,

and make other relevant changes to the Complaint. Plaintiff further insists that the delay in filing

his Corrected Amended Complaint is justified because he did not receive Defendant Braskems'

discovery responses until after the January 24, 2020 deadline.

       Accepting for purposes of this motion that Plaintiff received the relevant

information after the January 24 deadline, Plaintiff admits that he knew the data on the laptop was

erased by February 13. Additionally, the latest of the series of documents produced was the

beginning of March. In fact, Defendant Braskem and Defendant Jeffrey Blatt indicate that all the

documents Plaintiff relies upon and are cited by him in seeking his amendment were produced on

February 13, 2020. Nevertheless, Plaintiff waited until May 20 to file the current motion. The

Court finds the length of this delay fails to demonstrate due diligence. Even considering the

COVID-19 pandemic and granting Plaintiff some leeway for time to review the documents, the

-4-

Court finds Plaintiff has failed to state a good cause reason for waiting until the end of May before he filed the current motion. Therefore, the Court **FINDS** Plaintiff has failed to satisfy the good cause standard contained in Rule 16(b).[2]

Accordingly, for the foregoing reasons, the Court **DENIES** Plaintiff's "Motions to Reconsider under Rules 59 and 60 & for Leave to File an Amended Complaint under Rule 15." ECF No. 64. However, as Plaintiff states he does not intend to pursue his Age Discrimination claim and seeks to withdraw it in its entirely from the Complaint, the Court **DISMISSES** that claim **WITHOUT PREJUDICE** from the Complaint. Similarly, as Plaintiff further asserts he wants to limit Count II for Intentional Interference to be solely against Defendant Mi-De-Con., Inc., the Court **DISMISSES** Count II against Defendants Braskem and Blatt **WITHOUT PREJUDICE**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        September 10, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[2]Plaintiff mentions that this Court did not rule on Defendants' Motion to Dismiss the original Complaint until April 22, 2020. However, this fact is mostly irrelevant because Defendants' pending motion did not foreclose Plaintiff from filing a motion to amend.