## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

DUANE PORTER,

                Plaintiff,

v.                                   CIVIL ACTION NO.   3:19-0572

BRASKEM AMERICA, INC.,
JEFFREY BLATT, and
MI-DE-CON, INC.,

                Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Duane Porter's Motion for Judgment by Default on Counts I and IV of the Complaint. ECF No. 135. For the following reasons, the Court **DENIES** the motion.


On August 5, 2019, Plaintiff filed this action against Defendants Braskem America, Inc. and Jeffrey Blatt (hereinafter the Braskem Defendants) and Defendant Mi-De-Con, Inc. (MDC). In his Complaint, Plaintiff alleged five causes of action: Count I - Civil Conspiracy; Count II - Tortious Interference; Count III – Fraud and Fraudulent Inducement; Count IV – Defamation; and Count V – Age Discrimination. The parties stipulated to an extension of time for Defendants to answer or otherwise respond to Plaintiff's Complaint. Ultimately, MDC filed an Answer and Defendants Braskem America, Inc. and Jeffrey Blatt (collectively referred to as the Braskem Defendants) filed a Motion to Dismiss Counts II, III, and V. On April 22, 2020, the Court granted the Braskem Defendants' Motion to Dismiss Counts II and III for Tortious Interference and Fraud

and Fraudulent Inducement and granted, in part, and denied, in part, the motion with respect to Count V for Age Discrimination. *Porter v. Braskem Am., Inc*., No. CV 3:19-0572, 2020 WL 1942310 (S.D. W. Va. Apr. 22, 2020).

Plaintiff then filed a Motion to Reconsider under Rules 59 and 60 and for Leave to File an Amended Complaint under Rule 15. On September 10, 2020, the Court denied the motion, but it also dismissed without prejudice the balance of Plaintiff's Age Discrimination claim because Plaintiff asserted he did not intend to pursue that claim. *Porter v. Braskem Am., Inc*., No. CV 3:19-0572, 2020 WL 5470157, at *3 (S.D. W. Va. Sept. 10, 2020).[1] Thus, the claims that remained after these rulings were Civil Conspiracy against all Defendants as alleged in Count I, Tortious Interference against MDC as alleged in Count II, Fraud and Fraudulent Inducement against MDC as alleged in Count III, and Defamation against all Defendants as alleged in Count IV. The Braskem Defendants, however, forgot to file an Answer to the remaining claims against them until December 1, 2020. The day after the Braskem Defendants filed their Answer, Plaintiff filed his Motion for Judgment by Default against them as to Counts I and IV of the Complaint.

In his motion, Plaintiff insists that the Braskem Defendants were required to file an Answer simultaneously with their original partial Motion to Dismiss. On September 23, 2019, Plaintiff filed an "Application to the Clerk to Enter the Partys' [sic] Default," but the Court denied the Application, finding it was improper and premature in light of the Rule 12 motion filed by the

---

[1] In his motion, Plaintiff only asked the Court to reconsider its decision to dismiss Count III. However, he also filed a proposed Amended Complaint that limited Count II ("Intentional Interference") to be solely against Defendant MDC. Although the Court did not grant Plaintiff's motion to file the proposed Amended Complaint, the Court reiterated that Count II was dismissed against the Braskem Defendants. *Id*.

Braskem Defendants. Plaintiff has not provided the Court any justifiable reason why it now, some sixteen months later, should reconsider its prior decision, and the Court declines to do so. As the Braskem Defendants filed a partial Motion to Dismiss, they were not required to file a simultaneous Answer. *See Maass v. Lee*, 189 F. Supp. 3d 581, 587-88 (E.D. Va. 2016) (stating "the clear consensus among courts is that Rule 12(a)(4) clearly contemplates that any motion under Rule 12, whether it is to dismiss the entire Complaint or only portions of the Complaint, suspends the time for the moving defendant to respond to the remainder of the Complaint" (internal quotation marks and citations omitted)). Plaintiff's argument to the contrary is to no avail.

In the alternative, Plaintiff argues the Answer was due not later than May 6, 2020, which was fourteen days after the Court ruled on the motion to dismiss. As to this point, the Court agrees with Plaintiff. In doing so, the Court rejects the Braskem Defendants' argument that their Answer was not due until after the Court's September 10, 2020 ruling on Plaintiff's Motion to Reconsider. Plaintiff did not file his Motion to Reconsider until May 20, 2020, which was two weeks *after* the deadline for the Braskem Defendants' Answer. Therefore, the Braskem Defendants missed the deadline before Plaintiff sought reconsideration. Moreover, as the Braskem Defendants did not file their Answer until December 1, 2020, it was undeniably late even under their own view.

It appears that only recently did the parties realize an Answer was not timely filed. Plaintiff states he noticed that the Braskem Defendants failed to Answer after reviewing a claim of qualified privilege they raised in a Reply brief filed on November 30. *See Plaintiff's Proposed Sur-Reply Brief as to the Braskem Defendants' Reply to Plaintiff's Responses to its Motion for*

*Summary Judgment*, at 3, ECF No. 136. After Plaintiff noted the failure in his filing on December 1, the Braskem Defendants immediately filed an Answer that same day. The next day, Plaintiff filed the present motion for "default judgment" on Counts I and IV against the Braskem Defendants.

In his motion, Plaintiff argues the Braskem Defendants' failure to timely Answer the Complaint has resulted in prejudice to him because he had no notice they intended to raise the statute of limitations and a claim of qualified privilege as affirmative defenses[2] until he received their Reply to his Response to their Motion for Summary Judgment. Plaintiff contends that, if the Braskem Defendants had raised those defenses in a timely Answer, he could have explored those issues in discovery, but now he cannot because discovery is closed. The evidence, however, demonstrates the Braskem Defendants raised both issues long before they filed their Reply brief.

As to the statute of limitations defense, it was asserted as an affirmative defense by the Braskem Defendants' co-defendant, MDC, in the Answer it filed on September 10, 2019. MDC was named in both the conspiracy and defamation counts also pending against the Braskem Defendants. Similar to the Braskem Defendants, MDC argues in its Motion for Summary Judgment that the defamation action must be dismissed because it was filed beyond the one-year statute of limitations. Thus, Plaintiff was given notice of a statute of limitations defense more than a year ago. Additionally, the Braskem Defendants themselves discussed application of the one-year statute of limitations for defamation as earlier as June 10, 2020. *See Mem. of Law in*

---

[2]The Braskem Defendants argue that qualified privilege is a general defense, not an affirmative defense. The Court finds it unnecessary to address the issue.

*Opposition to Pl.'s Mot. to Reconsider and for Leave to File an Am. Compl.*, at 9, ECF No. 67. Thereafter, both the statute of limitations and the qualified privilege defenses were raised several more times in letters sent from counsel for the Braskem Defendants to counsel for Plaintiff on September 22, 2020 and October 23, 2020. *See* Exs. A and B, *Ltrs. from Lori Armstrong Halber to James D. McQueen, Jr.* (Sept. 22, 2020; Oct. 23, 2020), ECF No. 138-1, 2. The Braskem Defendants also made objections on statute of limitations grounds to requests for production of documents on November 16, 2020. *See* Ex. C, *Braskem Defs. Objs. and Resp. to Pl.'s Fifth Set of Requests for Prod. of Docs.*, ECF No. 138-3. Thus, the Court finds Plaintiff was given notice before the Answer was filed that Defendants believed the claims were precluded by the statute of limitations and subject to qualified privilege. Given these documents, Plaintiff should not have been surprised by the arguments, and he could have explored those issues prior to summary judgment.

Moreover, and significantly, "[t]he Fourth Circuit has repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Branch Banking & Tr. Co. v. Ankrom Properties, LLC*, No. CV 3:15-16192, 2016 WL 4708480, at *1 (S.D. W. Va. Sept. 8, 2016) (internal quotation marks and citations omitted). Here, although the Court agrees with Plaintiff that the Braskem Defendants untimely filed their Answer, the Braskem Defendants promptly corrected their mistake once it was brought to their attention. It is clear to the Court that the Braskem Defendants' failure to timely file was an inadvertent and a good faith mistake as they actively have participated in discovery and defended the action. In addition, Plaintiff has not shown that he has been prejudiced by the untimely Answer, and he moved for default judgment under Rule 55(b) the day after the Answer was filed, having

never been awarded default under Rule 55(a). Further, entering default judgment against the Braskem Defendants raises the possibility of an inconsistent judgment with their co-defendant MDC, which this Court is loath to do. *See S. Bank & Tr. Co. v. Prosperity Beach, LLC*, No. 2:14CV270, 2014 WL 4976598, at *2 (E.D. Va. Oct. 3, 2014) ("This Court is loath to enter default judgment when the possibility of logically inconsistent judgments between a co-defendant proceeding to defend on the merits and defaulting co-defendants exists.").

Accordingly, for the foregoing reasons, the Court finds default judgment against the Braskem Defendants is inappropriate and **DENIES** Plaintiff Duane Porter's Motion for Judgment by Default on Counts I and IV of the Complaint. ECF No. 135.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        February 1, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE